IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 15-cv-00355-CMA-MEH

ATLAS BIOLOGICALS, INC.,

    Plaintiff,

v.

THOMAS JAMES KUTRUBES, an individual,
PEAK SERUM, INC., a Colorado corporation, and
PEAK SERUM, LLC., a dissolved Colorado limited liability company,

    Defendant(s).

## ORDER EXTENDING TEMPORARY RESTRAINING ORDER AND ENTERING PARTIAL INJUNCTION (PER STIPULATION)

This matter is before the Court on the parties' Stipulation for Partial Entry of Preliminary Injunction, Limiting Issues for Preliminary Injunction Hearing, and Stipulated Motion to Extend Temporary Restraining Order ("Stipulation").  (Doc. # 26.)  This Court entered an Order granting Plaintiff's *Ex Parte* Motion for Temporary Restraining Order ("TRO") on March 3, 2015.  (Doc. # 17.)  Pursuant to Fed. R. Civ. P. 65(b)(2), this order shall expire on March 17, 2015.  (*Id.* at 11.)   The Court is set to hold a half-day evidentiary hearing on Plaintiff's Motion; however, due to scheduling conflicts, this hearing will not occur until March 23, 2015, after the expiration of the Temporary Restraining Order (Doc. # 24.)  Consequently, the parties have agreed to extend the

TRO until the Court rules on the preliminary injunction, pursuant to Fed. R. Civ. P. 65(b)(2), Fed. R. Civ. P. 6(b)(1), and D.C.COLO.LCivR 6.1.  (Doc. # 26 at 3-4.)

Accordingly, on stipulation of the parties, it is ORDERED that this Court's Order granting Plaintiffs *Ex Parte* Motion for Temporary Restraining Order is extended until the Court's evidentiary hearing on March 23, 2015.

Additionally, the parties have agreed to limit the issues at the evidentiary hearing to those not otherwise resolved in their Stipulation, including whether the Defendants may contact any customer or prospective customer in Atlas Biologicals, Inc.'s customer list or database (see ECF # 17, at p. 11, ¶ f) and the extent to which Defendants may be ordered to return to Plaintiff documents, electronically stored information, databases, customer lists, vendor lists, or information derived from those things which Defendant Kutrubes obtained from Plaintiff during the course of his employment.  (Doc. # 26 at 2.)

Per the parties' Stipulation, a preliminary injunction shall issue under Fed. R. Civ. P. 65(a) for the reasons stated in the Court's original order (Doc. #17), as to the remaining issues.

Accordingly, it is ORDERED that Defendants Thomas James Kutrubes, Peak Serum, Inc., and Peak Serum, LLC, and all of their agents, officers, managers, employees, representatives, successors, assigns, attorneys, and all other persons acting by, with, through, or under authority from any of the Defendants or in concert or participation with any of them, are hereby temporarily restrained from:

   a. Using the marks EquaFETAL, FETAL+PLUS, ATLAS, or ATLAS BIOLOGICALS in connection with Defendants' goods or services;

b. Using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the trademarks, trade dress, service marks, names or logos of Atlas Biologicals, Inc.;

c. Using any trademark, trade dress, service mark, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Atlas Biologicals, Inc., are sponsored or authorized by Atlas Biologicals, Inc., or are in any way connected with, controlled by, or related to Atlas Biologicals, Inc.;

d. Using and further the proprietary information and trade secrets of Atlas Biologicals to produce bovine or equine serum based products, including EquaFETAL or blended or proprietary products based on Atlas' proprietary information and trade secrets;

e. Producing products containing EquaFETAL or EquaFETAL in combination with other products; and f. Deleting, destroying, erasing or otherwise making unavailable for further proceedings in this matter any Atlas business information, trade secrets, proprietary information, tangible or intangible property, and any information belonging to or relating to any Atlas customer

      or vendor which information was improperly obtained by Kutrubes or Peak Serum during Kutrubes' employment with Atlas.

f. Deleting, destroying, erasing or otherwise making unavailable for further proceedings in this matter any Atlas business information, trade secrets, proprietary information, tangible or intangible property, and any information belonging to or relating to any Atlas customer or vendor which information was improperly obtained by Kutrubes or Peak Serum during Kutrubes' employment with Atlas.

DATED: March 12, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge