**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-00355-CMA-KMT

ATLAS BIOLOGICALS, INC., a Colorado
Corporation
Plaintiff,

v.

THOMAS JAMES KUTRUBES, an
individual; PEAK SERUM, INC., a
Colorado corporation; and  PEAK
SERUM, LLC, a dissolved Colorado
limited liability company
Defendants.

---

**PRELIMINARY INJUNCTION**

---

This matter is before the Court on Atlas Biological Inc.'s ("Atlas'") *Ex Parte* Motion for Preliminary Injunction.  (Doc. # 5.)

The Court entered a TRO on March 3, 2015.  (Doc. # 17.)  This matter proceeded to an evidentiary hearing on March 23, 2015, and the Court has considered the evidence submitted at that hearing, along with the affidavits, exhibits[1] and briefing of the parties.  (*See* Doc. ## 5, 27, 35.)  At that hearing, the Court ruled from the bench that, in the absence of a non-solicitation and non-compete

---

[1] The following exhibit numbers were entered into evidence at the March 23, 2015 hearing:  1, 2, 7, 18, 20, 22, 25, 29, 32, 33, 34, 40, 49, 53, 54, 56, 58, 59, 60, 61, 62, 63, 64, 66, 71, 101, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 120, 121, 130, 131, 134, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 154, 155.

agreement, the Court did not have authority to enjoin Defendants from contacting all of the customers in Atlas' customer database. (Doc. # 43.)

Accordingly, the Court ORDERS that Plaintiff's preliminary injunction is DENIED in part as to Defendants' contact of Plaintiff's customers. It is also GRANTED in part, as follows:

Pursuant to the March 6, 2015, stipulation of the parties, Defendants, Defendants' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the foregoing are enjoined from:

a) Using the marks EquaFETAL, FETAL+PLUS, ATLAS, or ATLAS BIOLOGICALS in connection with Defendants' goods or services;

b) Using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the trademarks, trade dress, service marks, names or logos of Atlas Biologicals, Inc.

c) Using any trademark, trade dress, service mark, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Atlas Biologicals, Inc., are sponsored or authorized by Atlas Biologicals, Inc., or are in any way connected with, controlled by, or related to Atlas

Case 1:15-cv-00355-CMA-KMT   Document 46   Filed 03/25/15   USDC Colorado   Page 3 of 4

        Biologicals, Inc.;

d) Using and further disclosing the proprietary information and trade secrets of Atlas Biologicals to produce bovine or equine serum based products, including EquaFETAL or blended or proprietary products based on Atlas' proprietary information and trade secrets;

e) Producing products containing EquaFETAL or EquaFETAL in combination with other products; and

f) Deleting, destroying, erasing or otherwise making unavailable for further proceedings in this matter any Atlas business information, trade secrets, proprietary information, tangible or intangible property, and any information belonging to or relating to any Atlas customer or vendor which information was improperly obtained by Kutrubes or Peak Serum during Kutrubes' employment with Atlas.

(Doc. # 26.)

It is FURTHER ORDERED that pursuant to the stipulation reached at the preliminary injunction hearing on March 23, 2015, Peak Serum and Kutrubes shall allow Atlas' expert information technology consultant, Dan Silva, to obtain forensic copies of all drives and media no later than April 3, 2015. Additionally, Peak Serum and Kutrubes shall return to Atlas Biologicals all information, documents, and things that Kutrubes or Peak Serum took from Atlas Biologicals by April 3, 2015 and delete

so as to render unrecoverable, all Atlas materials from its electronic storage media[2] immediately following preservation of evidence by obtaining forensic copies; the forensic copies shall remain in the possession of Atlas' counsel and shall not be viewed until the Fed. R. Civ. P. 26(f) conference occurs and terms for handling ESI are stipulated to or ordered.  Additionally, it is

FURTHER ORDERED that the parties shall enter into a blanket protective order that includes provision specifying that all exhibits in this matter will be restricted at "Level 1" under the local rules, and Atlas' customer database would be restricted to "attorneys' eyes only."  The foregoing stipulation shall be reduced to a memorialized, signed writing by the parties within ten days of the date of this order, and a copy filed with the court.  It is

FURTHER ORDERED that Plaintiff's bond of $1000, posted as security for the TRO (Doc. # 25), is hereby applied to this injunction.

DATED:  March 25, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[2] Kutrubes and Peak Serum have represented there are two such drives, one on a laptop and one on a desktop computer.

4