**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLORADO**

**Civil Action No.  1:15-cv-00355-CMA-KMT**

ATLAS BIOLOGICALS, INC., a Colorado Corporation

**Plaintiff,**

v.

THOMAS JAMES KUTRUBES, an individual; PEAK SERUM, INC., a Colorado Corporation; and PEAK SERUM, LLC, a dissolved Colorado limited Liability company

**Defendants.**

_____

**DEFENDANTS' RESPONSE TO PLAINTIFF'S EMERGENCY EX PARTE MOTION FOR PRE-JUDGMENT ATTACHMENT AND FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION AGAINST FURTHER CONVEYANCES OF ASSETS BY DEFENDANTS; DEFENDANT THOMAS JAMES KUTRUBES' MOTION FOR INJUNCTIVE RELIEF**

_____

COME NOW Defendants, by and through counsel, Wick & Trautwein, LLC, by Kevin W. Ward, and respectfully submit this Response to Plaintiff's Motion and Defendant Thomas James Kutrubes Motion for Injunctive Relief.

**I.    RESPONSE TO EX PARTE MOTION FOR PRE-JUDGMENT ATTACHMENT AND FOR TEMPRARY RESTRAINING ORDER AND INJUCTION**

1. On December 16, 2014, Defendant Kutrubes submitted his resignation to Plaintiff and requested a buyout of his shares for an amount based his knowledge of a recent appraisal of $3,200,000 for the company. (Ex. A). The parties agree that

Kutrubes is the owner of 7% of the company shares, putting his request for buyout of the shares at $224,000 (7% of $3,200,000). (*Id.*)

2. On December 27, 2017, Plaintiff, through counsel, C.R. Miles, terminated Kutrubes employment and demanded the surrender of Kutrubes shares, offering no value for the shares at that time. (Ex. B).

3. As noted in Plaintiff's motion, Mr. Kutrubes felt that a discounted value for the shares was $225,000 and communicated that to Plaintiff in settlement negotiations. (Plaintiff's Ex. 4). Kutrubes' characterization of that amount as discounted was based upon his knowledge of Plaintiff's financials which indicated that the company was doing more in sales than at the time of the prior appraisal. (Ex. C, ¶ 4).

4. As a shareholder of Plaintiff, Defendant is aware of no restriction on the transfer of shares. (Ex. C; see also Plaintiff's Ex. 5).

5. The Plaintiff's Bylaws do not limit the ability to transfers shares. (Plaintiff's Ex. 5, § 5.4). Plaintiff never issued share certificates as required under the bylaws (Id., § 5.1; Ex. C).

6. Even Plaintiff in its motion asserts no restriction on the transferability of Kutrubes' shares. Plaintiff merely asserts without sufficient supporting evidence that Kutrubes' purpose is fraudulent and that his intent is to hinder, delay, or defraud.

7. On March 27, 2018 Received Notices of Special Meetings for the Board and for Shareholders. (Ex. D). The notices indicated that "it has been proposed that the corporate Bylaws be amended and restated to place restrictions on the

transferability of shareholders' stock and that provisions be made for the purchase by the Corporation of all of a shareholder's stock in certain circumstances." (*Id.*).

8. Kutrubes did not propose changes to the Bylaws, nor was he consulted about any change in the Bylaws. He has no knowledge of what specific restrictions on transferability were being proposed; however his believe was that the purpose of any amendment of the Bylaws was to place restrictions on his shares.

9. At the present time, and for the duration of this litigation, Kutrubes has received no benefit from his ownership of shares. (Ex. C). The owners have ceased shareholder distributions. (*Id.*). Kutrubes incurs tax liability as a result of ownership. Lastly, Plaintiff has refused to place a value on the shares which correlated with the value that Kutrubes places upon the shares. (*Id.*).

10. Kutrubes is well aware that a monetary judgment against him in this case. (*Id.*) He confessed and stipulated to breach of loyalty, knowing that a monetary judgment would be imposed. It is his intent to satisfy any monetary judgment and put this matter behind him.

11. Kutrubes approached Biowest, LLC regarding purchase of his shares because the shares represent personal of his which are of no value unless some third party were to purchase them. (Ex. C ). He reached an agreement for the sale of the shares which was agreeable to Kutrubes and Biowest.

12. Plaintiff asserts that the transfer of shares was not made for value as the parties listed no consideration on the transfer document. (Plaintiff's Ex. 2). Despite

3

Plaintiff's characterization of the transfer, the sale of shares was for considerable value. Kutrubes conveyed his shares in exchange for product from Biowest, LLC with a fair market value of $200,000. (Ex. D).

13. The transfer has occurred and was communicated to counsel for Plaintiff on April 5, 2016.

14. Plaintiff argues that the transfer of shares is fraudulent and that Kutrubes' intent is to hinder, delay, or defraud Plaintiff. (C.R.S. § 38-8-105). Certainly, Colo. R. Civ. P. 102(c) provides that a writ of attachment to issue where there is reasonable probability of fraudulent conveyances or transfers. That is not the case here. On the contrary, Kutrubes' purpose in transferring the shares is to monetize the shares to assist with the payment of an as yet unknown judgment against him. (Ex. C). As noted here and at trial, Kutrubes is well aware that a monetary judgment will be entered against him.

15. Kutrubes' sale and transfer of shares to Biowest was initiated after he became aware of and concerned by Atlas' Notices of Special Meetings. The sole purpose of those meetings, from Kutrubes' perspective, is to further hinder his ability to obtain any value for his shares. Accordingly, he reached a lawful agreement for sale and transfer in advance of amendments to bylaws which he believed would negatively impact him.

16. Plaintiff has the burden of establishing by a preponderance of the evidence that there is a reasonable probability that Kutrubes made or intended to make a fraudulent conveyance or intended to make collection more difficult for

Plaintiff. *Haney v. Castle Meadows, Inc.*, 816 F. Supp. 655, 657 (D. Colo. 1993). Plaintiff must demonstrate that Defendants at least intended to hinder or delay him from collecting on a judgment. *Id.*

17. In the present case, there is no current judgment at issue. Other than Plaintiff's allegations, there is no evidence to indicate that Kutrubes' transfer of shares was fraudulent or that his intent was to hinder or delay Plaintiff's in pursuit of a future judgment. Kutrubes is aware that a judgment is coming and is preparing for that certainty. The Court will recall that Kutrubes was very candid at trial in that regard.

18. There is simply no basis for Plaintiff's assertion that Kutrubes' transfer of shares was ether impermissible, ineffective, fraudulent or intended to hinder, delay or prevent Plaintiff from pursuing its future judgment.

## II. DEFENDANT THOMAS JAMES KUTRUBES' MOTION FOR INJUNCTION

1. Kutrubes reasserts the factual and legal argument above in response to Plaintiff's motion.

2. As evidenced by Plaintiff's motion, the issue of the effectiveness of Kutrubes' transfer of shares to Biowest, LLC is in dispute.

3. Atlas has issued a Second Amended Notice of Special Meeting of Shareholders. (Ex. F). A meeting has been scheduled for Thursday, May 3, 2018 at 3:00 p.m. The notice indicates that ownership of shares is in dispute and restrictions on transferability of shareholders' stock remains as an issue for resolution. (*Id.*, p. 3).

4. In order to be entitled to injunctive relief pursuant to F.R.C.P. 65, the moving party must establish that: (1) he or she will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood [of success] on the merits. *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (citing *Heideman v. South Salt Lake City*, 348 F.3d 1182 (10th Cir. 2003).

5. In the present case, there is the potential for irreparable harm to either Kutrubes or Biowest, LLC as the Plaintiffs have indicated that the ownership of shares is in dispute. Defendant Kutrubes requests and injunction preventing Atlas and its shareholders from holding any shareholder meetings, amending corporate bylaws, or otherwise taking actions that would impact any minority shareholder until such time as the dispute with respect to ownership of shares is resolved.

6. Kutrubes' position is that the transfer of shares has been accomplished by virtue of his agreement with Biowest (Ex. F) and the transfer of shares (Plaintiff's Ex. 2). Kutrubes is in jeopardy of irreparable harm if it is determined that his transfer of shares should be enjoined or set aside and Atlas pursues the scheduled May 3, 2018 Shareholder meeting and amends the corporate bylaws to his detriment. While undersigned counsel does not represent Biowest, LLC it is apparent that Biowest may be similarly injured if shareholders make resolutions regarding

corporate shares when there is a question with respect to minority shareholder interests.

7. The issuance of an injunction which prevents Atlas and its shareholders from holding any shareholder meetings, amending corporate bylaws, or otherwise taking actions that would impact any minority shareholders would not damage Atlas and the injury to a minority shareholder outweighs any inconvenience to Atlas or its remaining shareholders.

8. There is nothing to indicate that the issuance of an injunction would be adverse to the public interest. This is a private matter concerning a closely held company and is not a matter for public concern.

9. With regard to the likelihood of success on the merits, as noted above, there is nothing in Atlas bylaws or other documentation to prevent Kutrubes from transferring his shares. Atlas has presented no justifiable basis for preventing such a transfer other than suggesting without evidence that the transfer is fraudulent. Furthermore, Atlas' aim at restricting shareholders from transferring shares indicates that they are aware that there is no basis for restricting the transfer of Kutrubes' shares in this instance. (Exs. D & F). Atlas would not have to amend its bylaws if Kutrubes was currently restricted from lawfully transferring his shares.

10. "[T]he limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (internal citations omitted).

11. At present, the relative positions of the parties is such that a minority shareholder may lawfully transfer his shares to a third party without restrictions by Atlas or by other shareholders. Issuing an injunction preventing Atlas from altering that status preserves the relative positions of the parties until resolution of the disputed ownership of shares issue can be resolved. Kutrubes respectfully requests that the Court grant that equitable relief.

WHEREFORE, the Defendants respectfully request that the Court deny Plaintiff's Plaintiff's Emergency Ex Parte Motion For Pre-Judgment Attachment and for Temporary Restraining Order and Injunction Against Further Conveyances Of Assets By Defendants. As stated above, Plaintiff has not established that any fraudulent conveying or impermissible transfer has occurred.

WHEREFORE, Defendant Thomas James Kutrubes requests an injunction preventing Atlas and its shareholders, officers, agents, and attorneys from holding any shareholder meetings, amending corporate bylaws, or otherwise taking actions that would impact any minority shareholder until such time as the dispute with respect to ownership of shares is resolved.

SUBMITTED this 18th day of April, 2018.

WICK & TRAUTWEIN, LLC

By:  *s/ Kevin William Ward*
Kevin William Ward
323 S. College Avenue, Suite 3
Fort Collins, Colorado  80524
Telephone:   (970) 482-4011
Fax:             (970) 482-8929
kward@wicklaw.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address (along with personally sending a copy of the foregoing to  the below email address):

John@lorlegal.com


s/ *Kevin William Ward*
**Kevin William Ward**
Wick & Trautwein, LLC
P. O. Box 2166
Fort Collins, CO  80522
Telephone:  (970) 482-4011
FAX:  (970) 482-8929
kward@wicklaw.com
*Attorney for Defendants*

9