IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 1:15-cv-00355-CMA-KMT

ATLAS BIOLOGICALS, INC., a Colorado Corporation

　　　Plaintiff,

v.

THOMAS JAMES KUTRUBES, an individual;
PEAK SERUM, INC., a Colorado corporation; and
PEAK SERUM, LLC, a dissolved Colorado limited liability company

　　　Defendants.

**ORDER ON PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND EXPERT WITNESS FEES**

This matter is before the Court on Plaintiff Atlas Biological, Inc.'s ("Atlas") Motion for Award of Attorney Fees and Expert Witness Fees (Doc. # 163), in which Atlas seeks a total attorneys' fee award of $306,304.50 and a total expert witness fee award of $38,577.35, for a total award of $344,881.85. On November 2, 2019, Defendants Thomas James Kutrubes ("Mr. Kutrubes"), Peak Serum, Inc., and Peak Serum, LLC (collectively "Defendants") filed a Response to Plaintiff's Motion (Doc. # 166), and Atlas filed a Reply in Support of its Motion on November 8, 2019, in which it amends the total fee request to $347,131.85.[1] For the reasons that follow, Atlas's Motion is granted in

---

[1] Atlas's counsel spent additional time preparing its Reply and has incorporated that into its total fee award request.

part and denied in part.

## I.  BACKGROUND

The Court incorporates herein its recounting of the facts from its Findings of Fact and Conclusions of Law. (Doc. # 158.) Accordingly, this Order will reiterate only what is necessary to address the instant Motion.

On November 14, 2016, Atlas filed its first amended complaint against Defendants, asserting the following claims: "(a) federal trademark infringement, in violation of the Lanham Act, 15 U.S.C. § 1114; (b) false designation of origin and federal unfair competition, in violation of the Lanham Act, 15 U.S.C. § 1125; (c) trademark and trade name infringement under Colorado common law; (d) misappropriation of trade secrets, in violation of the Colorado Uniform Trade Secrets Act, Colo. Rev. Stat. §§ 7-74-101, et seq.; (e) "conversion and civil theft" pursuant to Colo. Rev. Stat. § 18-4-405; (f) deceptive trade practices, in violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-105; (g) breach of fiduciary duty; (h) breach of contract; (i) unfair competition under Colorado common law; (j) copyright infringement pursuant to the federal Copyright Act, 17 U.S.C. § 504(b); and (k) attorneys' fees." (Doc. # 158 at 1–2); *see* (Doc. # 101).

Under these claims, Atlas sought relief in the following forms: (1) permanent injunction; (2) accounting for profits; (3) disgorgement of profits and personal compensation; (4) awards for damages; (5) awards of treble damages; and (6) payment for costs and reasonable attorneys' fees. (Doc. # 101 at 22–25.)

Following extensive discovery and a five-day bench trial, this Court ruled in favor of Atlas on its claims for federal and Colorado common law trademark infringement, misappropriation of trade secrets, and breach of fiduciary duty. As a result, final judgment was entered against Defendants in the amount of $2,048,148.50 and the preliminary injunction previously issued by the Court became permanent. The award included exemplary damages and disgorgement of compensation paid to Mr. Kutrubes. The Court also determined that Atlas is entitled to an award of reasonable attorney fees pursuant to the following claims:

- **Lanham Act Claim** — "False Designation of Origin & Federal Unfair Competition" — Atlas is entitled to an award of attorney fees, based on the exceptional case doctrine, due to Defendants "malicious, fraudulent, deliberate, or willful misconduct";

- **Colorado Uniform Trade Secrets Act ("CUTSA") Claim** — "Misappropriation of Trade Secrets" — Atlas is entitled to an award of reasonable attorney fees because the Court found Defendants misappropriation of Atlas's trade secrets to be willful and malicious.

(Doc. # 158 at 31–32, 41–42, 55.) The Court was silent on whether attorneys' fees should be awarded based on Mr. Kutrubes's breach of fiduciary duty. (*Id.*)

Defendants contest the following fees requested by Atlas: (1) fees related to claims on which Atlas did not prevail; (2) fees related to the breach of fiduciary duty claim and injunction; (3) Dan Silva's expert witness fees; (4) fees for post judgment work on this case; and (5) an upward lodestar adjustment. *See* (Doc. # 166). In sum, Defendants request that the award of attorneys' fees and expert witness fees be reduced. (*Id.*)

## II. LEGAL STANDARDS

**A. ATTORNEYS' FEES**

When evaluating a motion for attorneys' fees, the Court follows the three-step process set forth in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987).

The first step in determining a fee award is to determine the number of hours reasonably spent by counsel for the prevailing party. *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996); *Ramos*, 713 F.2d at 553. "Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1256 (10th Cir. 1998). The factors considered in a reasonableness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task. *Rocky Mountain Christian Church v. Bd. of Cty. Comm'rs of Boulder Cty.*, No. 06-cv-00554, 2010 WL 3703224, at *2–3 (D. Colo. Sept. 13, 2010). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Although courts are obligated to exclude hours not reasonably expended from the fee award, courts need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" *Malloy*, 73 F.3d at 1018 (quoting *Hensley*, 461 U.S. at 437); *Fox v. Vice*, 563 U.S. 826 (2011) ("The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.").

Once the court has determined the number of hours reasonably spent, it must then determine a reasonable hourly rate of compensation. *Ramos*, 713 F.2d at 555. "A reasonable rate is the prevailing market rate in the relevant community." *Malloy*, 73 F.3d at 1018 (citing *Blum v. Stenson*, 465 U.S. 885, 897 (1984)). The party seeking the award has the burden of persuading the court that the hours expended and the hourly rate are both reasonable. *Id.*

The third step consists of multiplying the reasonable hourly rate by the number of hours reasonably expended to determine the "lodestar" amount. *Hensley*, 461 U.S. at 433. The court has the discretion to make an upward or downward adjustment based upon the particular circumstances. *Xtreme Coil Drilling Corp. v. Encana Oil & Gas (USA), Inc.*, 958 F. Supp. 2d 1238, 1255 (D. Colo. 2013). "The goal of the exercise is to produce 'an award that **roughly** approximates the fee that the prevailing attorney would have received … in a comparable case.'" *Id.* (quoting *Perdue v. Kenny A ex rel. Winn*, 559 U.S. 542 (2010)).

## B. EXPERT WITNESS FEES

"[A]bsent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Accordingly, 28 U.S.C. § 1920 lists which costs may be awarded under Fed. R. Civ. P. 54(d)(1). *Id.* at 437. 28 U.S.C. § 1920 provides for court-appointed expert witness fees, 28 U.S.C. § 1920(6), but not privately retained expert witness fees, *Ramos*, 713 F.2d at 559.

Pursuant to Fed. R. Civ. P. 54(d), federal courts have the discretionary power to "refuse to tax costs in favor of the prevailing party." *Crawford Fitting,* 482 U.S. at 438. The courts do not have discretion to tax costs that are not expressly allowed by statute. *Id.* at 445. If Fed. R. Civ. P. 54(d) "grant[ed] courts discretion to tax whatever costs may seem appropriate, then § 1920, which enumerates the costs that may be taxed, serves no role whatsoever." *Stender v. Archstone-Smith Operating Tr.*, 958 F.3d 938, 941 (10th Cir. 2020) (quoting *Crawford Fitting,* 482 U.S. at 442).

### III. DISCUSSION

## A. ATTORNEYS' FEES

Atlas requests a total attorneys' fee award of $266,305.50, (Doc. # 168 at 9), and an upward lodestar adjustment of 16% (a $42,249.00 increase) (Doc. #163 at 15). The respective billing rate for each attorney and the amount of time expended on each task is reflected in the affidavits (Doc. ## 163-1, 163-5, 168-3) and the billing summaries (Doc. ## 163-2, 163-6). Defendants do not contest the reasonableness of the rates

charged by Atlas's counsel. Rather, Defendants object to the reasonableness of the fees requested and to Atlas's request for an upward adjustment to the lodestar figure. The Court will analyze the three *Ramos* factors and Defendants' objections in turn.

    1.    <u>Number of Hours Reasonably Spent by Counsel</u>

The first *Ramos* step is to determine the number of hours reasonably spent by Atlas's counsel. The Court finds that counsel has provided "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case*, 157 F.3d at 1256; *see* (Doc. ## 163-2, 163-6) (billing summaries). Additionally, the Court finds that the amount of time spent on each task is reasonable in light of the complexity of the case and counsel's experience. *See Rocky Mountain Christian Church*, 2010 WL 3703224, at *2–3 (factors considered in reasonableness determination). Finally, the Court finds that Atlas's counsel has made a good faith effort to exclude fees that are excessive, redundant, or otherwise unnecessary by showing which fees were reduced or excluded from its fee request. (Doc. ## 163, 163-2, 163-3); *see Hensley*, 461 U.S. at 434 (expressing that counsel should make a good faith effort to exclude fees that are excessive, redundant, or unnecessary). Accordingly, the Court finds that Atlas's counsel has met its burden of showing that the time spent on the claims for which it is requesting fees is reasonable.

Defendants believe that the fee request is excessive and should be reduced for the following reasons:

        (a) Atlas is requesting an award of fees related to claims on which Atlas did not prevail;

>> (b) attorneys' fees related to the breach of fiduciary claim and injunction are frivolous because Defendants did not contest these items; and
>
> (c) Atlas is requesting fees for post judgment work on this case.

*See* (Doc. # 166).

> a.   *Request of fees related to claims on which Atlas did not prevail*

"If a plaintiff does not prevail on all claims for relief, the court must determine whether an adjustment is necessary. The Supreme Court has declared that if a plaintiff fails to prevail on claims 'unrelated' to those on which he or she succeeds, work on the unrelated unsuccessful claims cannot be compensated." *Ramos*, 713 F.2d at 556.

In the instant case, Defendants assert that attorneys' fees should be reduced because Atlas failed to prevail on the Colorado Consumer Protection Act, conversion and civil theft, and breach of contract claims. (Doc. # 166 at 3-5.) Defendants' argument fails because Atlas's fee application shows that counsel excluded tasks related to these claims from its fee application.[2] (Doc. ## 163, 163-2, 163-3); *see also* (Doc. 168-1) (summary of items reduced or not requested in fee application).

> b.   *Breach of fiduciary duty and injunction*

Defendants contest that fees related to the breach of fiduciary duty claim and injunction were unnecessary because they were uncontested items. (Doc. # 166 at 3–4, 5.) Atlas asserts that Defendants "**denied** critical elements of Atlas's entitlement to

---

[2] The Court notes that the C.R. Miles, P.C. fee summary contains a billing item in the amount of $75.00 that relates to an unemployment claim. (Doc. # 163-6 at 3.) Atlas's counsel agrees this billing item is for an unrelated claim and has deducted it from the total fee request. (Doc. # 168 at 6, 9.)

8

injunctive relief . . . **after** the preliminary injunction was issued"; therefore, the issue still required litigation. (Doc. #168 at 2–3.) Additionally, Atlas asserts that a reduction in attorneys' fees is not appropriate in regards to the breach of fiduciary duty claim because the facts related to Mr. Kutrubes's breach of fiduciary duties were "relevant to and overlapped with Atlas's other claims." (*Id.* at 4.) The Court agrees with Atlas.

With respect to fees associated with Atlas's breach of fiduciary duty claim, the Tenth Circuit has acknowledged that, when a plaintiff brings multiple claims, and the claims "involve a common core of facts or will be based on related legal theories", the fee applicant may claim all hours reasonably necessary to litigate those claims. *Hensley*, 461 U.S. at 435. "In such cases, it is inappropriate for a district court to evaluate the individual claims as though they were discrete and severable." *Robinson v. City of Edmond*, 160 F.3d 1275, 1283 (10th Cir. 1998). "Instead, a court should focus on the 'significance of the overall relief' that the prevailing party has won: 'The result is what matters.'" *Id.* (quoting *Hensley*, 461 U.S. at 435). Therefore, when the prevailing party has achieved a significant result, "it [is] legally incorrect for the district court to reduce the plaintiff['s] fee request on the basis of the plaintiff['s] 'only partial success' for [its] interrelated claims." *Id.* at 1284.

In the instant case, Mr. Kutrubes did admit that he breached his fiduciary duty to Atlas during his time of employment and the Court did find that Atlas failed to show a breach of fiduciary duty beyond Mr. Kutrubes's time of employment. (Doc. ## 123 at 12, 158 at 50.) However, the Court's factual findings regarding Atlas's trademark infringement claim and false designation of origin claim substantially overlapped with

9

the factual basis for the breach of fiduciary duty claim. *See* (Doc # 158 at 15-23, 25-28, 32-37, 48-51). Given the relief obtained by Atlas, the Court finds it inappropriate to reduce Atlas's fee request because a portion of an interrelated claim was uncontested. *See Robinson*, 160 F.3d at 1284.

As for the fees related to the permanent injunction, Defendants' argument fails because, as Atlas points out, Defendants denied elements of the claims for injunctive relief after the preliminary injunction was issued. (Doc. # 168 at 3.) Although Defendants may have stipulated to some of the preliminary injunction factors, Atlas was still forced to incur fees related to the remaining disputed factors. *See Sole v. Wyner*, 551 U.S. 74, 86 (2007) (showing that a party who gains a preliminary injunction must still obtain a permanent injunction to be considered the "prevailing party" and recover attorneys' fees).

     *c.*  *Fees for post judgment work*

Defendants argue, but provide no legal authority in support thereof, that Atlas's fee request for post-trial work is not appropriate. (Doc. 166 at 2–3.) Atlas correctly points out in its Reply that "[without] language in the fee shifting statute or other fee shifting law to the contrary, post judgment fees in connection with collection efforts are recoverable." (Doc. # 168 at 6) (first citing *Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 544 (10th Cir. 2000); then citing *Sheet Metal Workers Health & Welfare Tr. Fund v. Big D Serv. Co.*, 876 F.2d 852, 854 (10th Cir. 1989)).

This case began in 2015 and has accrued more than 1,400 billable entries between two different law firms. (Doc. # 168 at 7.) Given the nature and complexity of

10

the case, the Court finds that counsel reasonably spent 36.3 hours reviewing various supporting documents, preparing the present Motion, and drafting the supporting affidavits.[3] *See* (*id.*). Additionally, the Court finds reasonable the 8.2 hours Atlas spent preparing its Reply. (*Id.* at 9.) Accordingly, the Court has reviewed the charges related to post judgment work and finds them to be reasonable.

   2.     <u>Reasonable Hourly Rate of Compensation</u>

   Defendants do not contest the reasonableness of the rates charged by Atlas's counsel. Nonetheless, the Court has reviewed the invoices and finds that Atlas has provided sufficient evidence to support that its billing rates are comparable to the prevailing market rate in the relevant community.

   In support of the reasonableness of the various hourly rates requested, Atlas references the Colorado Bar Association 2017 Economics of Law Practice Survey figures and findings of reasonable rates in other cases. (Doc. # 163 at 6–8.); *see Xtreme Coil*, 958 F. Supp. 2d at 1256–57 (finding prevailing rates for experienced litigators in Denver approach $400.00 per hour); *Webroot, Inc., v. Singh*, No. 18-cv-01909-RM-STV, 2019 WL 5095741, at *13 (D. Colo. Feb. 15, 2019) ($415 per hour and $595 per hour in case involving Lanham Act claims*); Broad. Music, Inc. v. Carey-On Saloon, LLC*, No. 12-cv-02109-RM-MJW, 2014 WL 503447, at *7 (D. Colo. Feb. 7, 2014) (awarding attorneys' fees with billing rates ranging from $325 to $565 per hour in a 2012-2014 copyright case); (Doc. # 163-7) (CBA 2017 Economics of Law Practice Survey). The Court finds that the respective billing rates reported by Atlas's counsel fall

---

[3] Time includes 2.9 hours billed from C.R. Miles, P.C. in support of preparing the fee application.

11

well within the range of values that would be considered reasonable for their respective practice areas based on the Colorado Bar Association 2017 Economics of Law Practice Survey figures. (Doc. ## 163 at 6–7, 163-7 at 4.) Furthermore, the Court notes that the rates charged by attorneys Root, Miles, and Anderson and their support staffs not only were reasonable, but also, were on the lower end of rates that are typically awarded in the District of Colorado in cases of this nature.

    3.    <u>Lodestar Adjustment</u>

Finally, Atlas requests an upward lodestar adjustment of 16% (a $42,249.00 increase). (Doc. #163 at 15.) Defendants assert that no upward adjustment is appropriate mainly because Plaintiff failed to prevail on several claims. (Doc. # 166 at 5–6.)

While the lodestar amount is presumed to be reasonable, that presumption may be overcome in "rare" and "exceptional" circumstances in which the lodestar figure does not "adequately take into account a factor that may be properly considered in determining a reasonable fee." *E.g.*, *Perdue*, 559 U.S. at 543, 554. When determining an upward lodestar adjustment, the fee applicant bears the burden of proving an enhancement is necessary and must produce "specific evidence" supporting the award. *Id.* at 543. The Supreme Court has found that an enhancement may be appropriate where the lodestar figure does not adequately measure the attorneys' "true market value." *Id.* However, "an enhancement may not be based on a factor that is subsumed in the lodestar calculation, such as the case's novelty and complexity." *Id.*; *see Bywaters v. United States*, 670 F.3d 1221, 1230–31 (Fed. Cir. 2012) (explaining that "the 'results

12

obtained' factor is generally subsumed within the lodestar calculation and thus normally should not provide an independent basis for a departure from the lodestar figure"); *Blum v. Stenson*, 465 U.S. 886, 900 (1984).

In the instant case, Atlas has shown, through the Colorado Bar Association 2017 Economics of Law Practice Survey, that Mr. Root's billing rate of $250 per hour falls somewhere between the 25th percentile and median hourly rates for a Colorado attorney practicing in the field of business-commercial litigation. (Doc. # 163 at 6.) Additionally, Mr. Miles and Ms. Anderson's billing rates of $225 and $295 per hour are just below and just above the 25th percentile for an attorney practicing intellectual property law in Colorado. (*Id.*) In addition, Atlas identifies similar cases in which substantially higher rates were approved as reasonable. *See* (*id.* at 7) (collecting cases).

After considering the specific evidence provided regarding the prevailing market rate for attorneys within the same practice area (Doc. ## 163, 163-7), the results obtained (Doc. # 158 at 55 (awarding permanent injunction and a $2,048,180.50 judgment against both defendants)), and the Court's previous finding that this is an "exceptional case" (Doc. # 158 at 32), the Court finds that the lodestar figure does not reflect the attorneys' true market value. Given that the hourly rates charged in this case were "roughly 56% to 73% of typical hourly rates for fee awards in similar cases" (Doc. # 163 at 11), a 16% upward adjustment in the total attorney fee award would not be

excessive nor surpass the typical hourly rate in similar cases.[4]

Therefore, the Court finds that Atlas's request for an upward lodestar adjustment of 16% (a $42,249.00 increase) is reasonable and warranted. Accordingly, Atlas's request for an upward lodestar adjustment of 16% is granted.

In sum, Atlas has met its burden of persuading the Court that the hours expended and the hourly rates are both reasonable, and that this is an exceptional case that warrants an upward lodestar adjustment. Accordingly, Atlas's request for attorneys' fees in the amount of $308,554.50 is granted.

**B.    EXPERT WITNESS FEES**

Atlas requests the Court award its expert witness fees in the amount of $38,577.35. (Doc. # 163 at 15.) Defendants do not oppose an award of expert witness fees in general, but rather, request that the award be denied in part.[5] The Court finds that Atlas's request for an award of expert witness fees must be denied on other grounds.

Federal law governs the taxation of costs in federal court. *Chaparral Resources, Inc. v. Monsanto Co.,* 849 F.2d 1286, 1292 (10th Cir. 1988). 28 U.S.C. § 1920 defines

---

[4] The typical hourly rate is $400 per hour in trademark and trade secret actions. This rate is based on the figures provided in the CBA survey, similar cases Atlas cited in support of the reasonableness of its attorneys' fees, and the $400 per hour rate cited in *Xtreme Coil*. *See Xtreme Coil*, 958 F. Supp. 2d, at 1256–57 (finding prevailing rates for experienced litigators in Denver approach $400.00 per hour); *Webroot, Inc., v. Singh*, No. 18-cv-01909-RM-STV, 2019 WL 5095741, at *13 (D. Colo. Feb. 15, 2019) ($415 per hour and $595 per hour in case involving Lanham Act claims); *Broad. Music, Inc. v. Carey-On Saloon, LLC*, No. 12-cv-02109-RM-MJW, 2014 WL 503447, at *7 (D. Colo. Feb. 7, 2014) (awarding attorneys' fees with billing rates ranging from $325 to $565 per hour in a 2012-2014 copyright case); (Doc. # 163-7).

[5] Defendants assert there was no need for expert witness Dan Silva and request that the Court deny all fees associated with Mr. Silva ($13,278.83). (Doc. # 166 at 6.)

"costs" as used in Fed. R. Civ. P. 54(d) and lists which costs may be awarded. *Crawford Fitting*, 482 U.S. at 441. While § 1920 "allows fees to be awarded for 'witnesses' and subsection 6 allows '[c]ompensation of court appointed experts[,]' [t]he law in this Circuit is clear, however, that expert witness fees are not allowed under § 1920." *Ramos*, 713 F.2d at 559.[6] Additionally, the Court's discretionary power provided by Fed. R. Civ. P. 54(d) is "solely" the power to "refuse to tax costs in favor of the prevailing party." *Crawford Fitting,* 482 U.S. at 438.

In the instant case, Atlas concedes that privately retained expert witnesses are not listed as a cost that may be awarded under § 1920. (Doc. # 163 at 12.) However, Atlas seeks an award of expert witness fees on the basis of two previously recognized exceptions: (1) a substantive right to an award of expert witness fees under state law; and (2) the Court's inherent equitable power to award expert witness fees. *See Garcia v. Wal-Mart Stores, Inc.,* 209 F.3d 1170 (10th Cir. 2000) (state law right); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50 (1991) (inherent equitable power).

Atlas relies on *Garcia* for the proposition that it is entitled to privately retained expert witness fees under Colorado law. In *Garcia*, the Tenth Circuit Court of Appeals found that the plaintiff was entitled to expert witness fees under Colo. Rev. Stat. § 13-17-202, which authorizes a plaintiff to recover costs, including expert witness fees, if: (1)

---

[6] *See CleveRock Energy Corp. v. Trepel*, 609 F.2d 1358, 1363 (10th Cir. 1979), *cert. denied*, 446 U.S. 909 (1980); *see also, e.g.*, *Illinois v. Sangamo Construction Co.*, 657 F.2d 855, 865 (7th Cir. 1981) ("The majority of courts interpreting the provision for witness fees in [§] 1920, including the Seventh Circuit, hold that recovery of fees paid to expert witnesses is limited to the statutory costs specified in 28 U.S.C. [§] 1821.").

a plaintiff makes an offer of settlement, and (2) the plaintiff's recovery is greater than the amount of the offer. *Id.* at 1777–78.[7]

However, following the filing of the instant Motion, the Tenth Circuit overruled *Garcia* in *Stender v. Archstone-Smith Operating Tr.* on the grounds that "the previously recognized exception is no longer good law". 958 F.3d 938, 942 (10th Cir. 2020). Specifically, *Stender* found that the state law exception in *Garcia* has been superseded by later Supreme Court opinions. *Id.* at 949. Therefore, the Court concludes that Atlas is not entitled to expert witness fees under Colo. Rev. Stat. § 13-17-202.

As to the Court's inherent equitable power, "[t]he *Crawford Fitting* rule that only those costs expressly allowed by statute may be awarded under Rule 54(d)(1) implicitly rejected a line of authority recognizing other possible sources for an award of costs, including local rules, the custom of the district, and the court's **general equitable powers**." *Stender*, 958 F.3d at 942 (emphasis added) (quoting Moore's Federal Practice, § 54.103 at 185–86). Thus, the Court may not award Atlas expert witness fees under its inherent equitable power either.

As federal courts do not have discretion to tax costs that are not expressly allowed by federal statute, *Crawford Fitting,* 482 U.S. at 438, and neither exception

---

[7] In the instant case, Atlas argues that it is entitled to expert witness fees under *Garcia* because Atlas made an offer to settle and recovered more than the amount of the settlement offer. Atlas made a written offer to settle for $350,000 and Mr. Kutrubes's stock in Atlas (valued at $225,000). (Doc. # 163 at 13.) Defendants "expressly refused" the settlement offer and Atlas's ultimate recovery was substantially greater than the settlement offer ($2,048,180.50 recovery). (*Id.* at 13–14.)

identified by Atlas is good law, *Stender*, 958 F.3d at 949, the instant request for expert witness fees is denied.

## IV.    CONCLUSION

Based on the foregoing, the Court ORDERS that Atlas's Motion for Attorney Fees and Expert Witness Fees (Doc. # 163) is GRANTED IN PART and DENIED IN PART as follows:

- Atlas's Motion for Attorney Fees and Expert Witness Fees is GRANTED as to Atlas's request for attorneys' fees;

- judgment shall be entered in favor of Atlas and against Defendants in the amount of $308,554.50 in attorneys' fees, for which Defendants shall be jointly and severally liable;[8] and

- Atlas's Motion for Attorney Fees and Expert Witness Fees is DENIED as to Atlas's request for expert witness fees.

DATED: July 10, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[8] This amount reflects the lodestar amount, the lodestar adjustment, a stipulated deduction, and additional fees reasonably incurred after the initial Motion. *See* (Doc. #168 at 9) ("This results in a total requested fee award of $308,554.50").